**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VIOREL ANGHELOIU, Dr., | No. 18-35550 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-05891-BHS |
| v. | |
| PEACEHEALTH, a Washington corporation, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted October 22, 2019[**]
Seattle, Washington

Before: CLIFTON and IKUTA, Circuit Judges, and RAKOFF,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Viorel Angheloiu, M.D., appeals from the district court's order dismissing his case and compelling arbitration, as well as denying his other motions. We have jurisdiction under 28 U.S.C. § 1291 and 9 U.S.C. § 16(a)(3). *See Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1074 (9th Cir. 2014).

The district court did not err in compelling arbitration because Angheloiu's Employment Agreement contains a valid agreement to arbitrate that covers the dispute at issue. *See Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). The agreement to arbitrate is not procedurally unconscionable. *See Zuver v. Airtouch Commc'ns, Inc.*, 103 P.3d 753, 759 (Wash. 2004). Angheloiu had ample time to review the Employment Agreement and seek legal advice: PeaceHealth gave Angheloiu the Employment Agreement in December 2008, his start date was not until February 2009, and there is no evidence PeaceHealth pressured Angheloiu to sign and return the Employment Agreement quickly. Nor were the arbitration provisions in the Employment Agreement "hidden in a maze of fine print." *Torgerson v. One Lincoln Tower, LLC*, 210 P.3d 318, 322 (Wash. 2009).

The Employment Agreement does not incorporate the Recruitment Agreement by reference or otherwise. And even if we read the Employment Agreement and Recruitment Agreement together, the Recruitment Agreement's

2

jurisdictional provision does not override the agreement to arbitrate in the Employment Agreement; rather, we would read that jurisdictional provision as applying, for example, when the parties seek to confirm or contest an arbitration award in a court of law. *See* 9 U.S.C. §§ 9, 10; *Realm, Inc. v. City of Olympia*, 277 P.3d 679, 681 (Wash. 2012) ("When contract provisions seem to conflict, we will harmonize them with the goal of giving effect to all provisions.").

Because Angheloiu must pursue his claims in arbitration, we need not decide whether the district court abused its discretion in denying Angheloiu's motion to compel discovery or for sanctions. *See* 9 U.S.C. § 4.

**AFFIRMED.**